CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
November 14, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DIMITRI JONTAE GREEN, | ) | |
| Plaintiff, | ) ) ) | Case No. 7:24-cv-00706 |
| v. | ) ) | **MEMORANDUM OPINION** |
| DUFFIELD REGIONAL JAIL *et al.*, | ) ) ) | By: Hon. Thomas T. Cullen United States District Judge |
| Defendants. | ) | |

Plaintiff Dimitri Jontae Green, proceeding pro se, filed a civil-rights action under 42 U.S.C. § 1983 against Duffield Regional Jail, Johnson City Medical Center, and Washington County Jail. (*See* Compl. [ECF No. 1].) On November 1, 2024, the Court advised Plaintiff that neither a jail nor a medical center is a "person" subject to suit under § 1983, *see Perdue v. Penalosa*, 38 F.3d 1213, 1213 (4th Cir. 1994), and that his complaint failed to state a claim for which relief could be granted. (*See* Order [ECF No. 5].) The Court also informed Plaintiff that, although a legal entity that operates a jail may be a proper defendant under some circumstances, Plaintiff had failed to include factual allegations in his complaint demonstrating such circumstances in this case. (*Id.* at 1–2.) The Court further advised Plaintiff that,

> [t]o state a cause of action under § 1983, a plaintiff must allege facts indicating that he or she has been deprived of rights guaranteed by the Constitution or laws of the United States and that the deprivation resulted from conduct committed by a person acting under color of state law.

(*Id.* at 1.) The Court then ordered Plaintiff to file an amended complaint within 21 days and cautioned Plaintiff that his "failure to file an amended complaint correcting the identified deficiency within 21 days . . . will result in dismissal of this action. (*Id.* at 1–2.) On November

12, 2024, Plaintiff filed an amended complaint against the same three Defendants, which largely restates the allegations in Plaintiff's original complaint. (*See* Am. Compl. [ECF No. 6].)

Under 28 U.S.C. § 1915A, the Court has an obligation to screen prisoner filings and dismiss any complaint that "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). As noted above, Plaintiff may not pursue a § 1983 claim against a jail or medical center because they are not "persons" within the meaning of the statute. *See Perdue*, 38 F.3d at 1213. Additionally, Plaintiff's claims against the Duffield Regional Jail Authority are insufficient because Plaintiff has not alleged any policy, ordinance, regulation, or decision on behalf of the Jail Authority that was a "moving force" behind a violation of Plaintiff's constitutional rights. *See Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978); *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981). In sum, he complains that, despite signing several medical release forms as requested, his medical records have not been transferred to Duffield Regional Jail (where he is being held), resulting in insufficient medical care for his preexisting injuries. (*See generally* Am. Compl. at 4 [ECF No. 6].) These allegations, as with his original complaint, fail to state a plausible claim for relief against any named Defendant.

Because Plaintiff's complaint fails to state a claim for which relief may be granted the Court will **DISMISS** this action under 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

The Clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Plaintiff.

**ENTERED** this 14th day of November, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE